# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 4, 2012

Lyle W. Cayce
Clerk

No. 11-41068
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JORGE BLANCO-CASTILLO,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:11-CR-178-1

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jorge Blanco-Castillo challenges his 46-month sentence, imposed following his guilty-plea conviction on one count of attempted exportation of defense articles from the United States. Blanco contends his within-Guidelines sentence is: procedurally unreasonable because the district court misapprehended its authority to impose a downward departure pursuant to application note one of Guideline § 2M5.2; and substantively unreasonable because it is greater than necessary to achieve the sentencing objectives of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although Blanco moved in district court for a downward departure pursuant to Guideline § 5K2.0, he did not raise the procedural-and-substantive-reasonableness contentions he raises here.  Accordingly, review is only for plain error.  *E.g.*, *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  For plain error, a forfeited error that is clear or obvious and that affects his substantial rights must be shown.  *E.g., Puckett v. United States*, 556 U.S. 129, 135 (2009).  If such a showing is made, our court has the discretion to correct the error but will generally do so only if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings.  *Id.*

Our court lacks jurisdiction to review a district court's refusal to depart downward from the Guidelines-sentencing range, *see United States v. Hernandez*, 457 F.3d 416, 424 (5th Cir. 2006), unless the district court "held a mistaken belief that the Guidelines do not give it the authority to depart".  *United States v. Lucas*, 516 F.3d 316, 350 (5th Cir. 2008) (internal quotation marks omitted).  And, "something in the record must indicate that the district court held such an erroneous belief".  *United States v. Valencia-Gonzales*, 172 F.3d 344, 346 (5th Cir. 1999).

Nothing in the record indicates the district court wished to grant a downward departure pursuant to Guideline §§ 2M5.2 or 5K2.0, but mistakenly believed it could not do so.  Rather, the record demonstrates that the court did not believe a departure was warranted. Therefore, Blanco has failed to show error, plain or otherwise, with respect to the procedural reasonableness of his sentence.  *See Puckett*, 556 U.S. at 135.  Further, as noted, to the extent he challenges the denial of the downward departure, our court lacks jurisdiction to review the contention.  *See Hernandez,* 457 F.3d at 424.

The district court considered Blanco's request for a lower sentence, but elected to impose a within-Guidelines sentence.  A within-Guidelines sentence is presumptively reasonable. *See, e.g., United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  Blanco has not shown that his sentence is substantively

unreasonable nor has he rebutted the presumption of reasonableness that attaches to his within-Guidelines sentence. *See, e.g., United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Accordingly, he has failed to show the district court plainly erred by imposing the within-Guidelines sentence. *See Puckett*, 556 U.S. at 135.

DISMISSED IN PART; AFFIRMED IN PART.